FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 23 2011

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00144-BNB

RANDY KAILEY,

    Plaintiff,

v.

BILL OWENS et al.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Randy Kailey, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Correctional Facility in Sterling, Colorado. Mr. Kailey filed a Prisoner Complaint on January 21, 2011. Magistrate Judge Boyd N. Boland reviewed the Complaint, determined that Mr. Kailey had failed either to pay the $350.00 filing fee or in the alternative to request leave to proceed pursuant to 28 U.S.C. § 1915, and entered an order on January 31,2011, instructing Mr. Kailey to cure the deficiency. After an extension of time to comply with the January 31 Order, Magistrate Judge Boland granted Mr. Kailey leave to proceed pursuant to § 1915. Subsequently, on March 22, 2011, Magistrate Judge Boland entered an order finding that Mr. Kailey failed to file a complaint that complies with Fed. R. Civ. P. 8. Mr. Kailey named fifty-five defendants and presented his claims in a narrative, chronological format rather than in a short and concise statement as required under Rule 8(a). Magistrate Judge Boland also directed Mr. Kailey to file an Amended Complaint and assert how

each named defendant personally participated in violating his constitutional rights. Mr. Kailey filed the Amended Complaint on May 18, 2011. The Amended Complaint is forty-one pages long, names sixty defendants, and again fails to set forth a short and plain statement showing that he is entitled to relief. The claims are repetitive and are set forth in a narrative, chronological format rather than a short and concise format.

The Court must construe the Amended Complaint liberally because Mr. Kailey is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Although Mr. Kailey again has failed to comply with Rule 8, the Court has reviewed the Amended Complaint and finds the claims are legally frivolous for the reasons stated below.

Overall, Mr. Kailey asserts that his First and Fourteenth Amendment rights have been violated because since 2003 DOC staff have not allowed him to contact proper state agencies to report that his younger daughter and niece were being sexually abused by their maternal aunt and great aunt.

A litigant "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Thus, insofar as the complaint makes allegations concerning his inability to report the sexual abuse of his children to the proper authorities, Plaintiff lacks standing to complain of any resulting injuries.

In order to have standing in an Article III court, a plaintiff must show that he: (1) personally suffered an actual or threatened injury; (2) the injury is fairly traceable to the defendant's illegal conduct; and (3) the injury is likely to be redressed by a favorable

2

decision. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State Inc.,* 454 U.S. 464, 472 (1982); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). In addition to these constitutional standing requirements, courts also recognize certain judicially-created prudential principles that further limit the Court's adjudicatory ability. *See Valley Forge Christian Coll.,* 454 U.S. at 474 ("[b]eyond the constitutional requirements, the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing"); *see also* 4 Admin. L. & Prac. § 13:14 (2d ed.) ("[p]rudential considerations are limitations on the courts' power that the judiciary itself has devised . . .").

Even under prudential principles, a plaintiff may only assert his own rights and interests; he may not assert those of a third party. *See Warth v. Seldin,* 422 U.S. 490, 499 (1975) (prudential standing requires plaintiff to assert "his own legal rights and interests"); *Gladstone Realtors v. Vill. of Bellwood,* 441 U.S. 91, 100 (1979) (prudential standing still requires plaintiff to "assert his own legal interests rather than those of third parties"); *see also cf. O'Malley v. Brierley,* 477 F.2d 785, 789 (3d Cir.1973) (a plaintiff "may only assert his own constitutional rights or immunities . . . one cannot sue for the deprivation of another's rights") (internal citations and quotations omitted).

Mr. Kailey alleges no "injury in fact" to himself. While his Complaint contains serious allegations with respect to the treatment of his children, he fails to identify how the alleged mistreatment has resulted in an "invasion of his legally protected interests." Mr. Kailey "cannot rest his claim to relief on the legal rights or interests of third parties." *Warth,* 422 U.S. at 499. Nor could he, as a *pro se* litigant, represent the interests of his children if, in fact, he intended to bring the action on their behalf. *See Osei-Afriyie v.*

*Med. College of Pa.*, 937 F.2d 876, 882-83 (3d Cir.1991) (non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child).

Even if the Court were to consider Mr. Kailey's claims as properly raised based on next friend or third party standing, Mr. Kailey still lacks standing. First, Mr. Kailey was convicted of two counts of aggravated incest against his two daughters who at the time of the offense in 1984 were three and four. *See State of Colo. v. Kailey*, 807 P.2d 563 (Colo. App. Mar. 18, 1991). Mr. Kailey's daughters would have been twenty-two and twenty-three years of age in 2003 when the alleged sexual abuse took place by the aunt and great aunt.

Second, courts have refused to infer on the basis of a close familial tie that a putative next friend represents the absent party's best interests. *See Al-Aulaqi v. Obama*, 727 F.Supp.2d 1, 22 (D.D.C. 2010) (citing *Anthem Life Ins. Co. v. Olguin*, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007)). Where an absent party's views appear to conflict with those of a putative next friend a court cannot substitute the views of the would-be next friend with the absent party, even where the next friend is a parent. *See Gilmore v. Utah*, 429 U.S. 1012, 1017 (1976).

Third, the U.S. Supreme Court has observed that where the "interests of [a] parent and [a] child are not in parallel, and indeed, are potentially in conflict," a parent may not evade the requirements of "next friend" standing by instead bringing suit under the related doctrine of third party standing. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 15 (2004). Given Mr. Kailey's conviction for committing incest against his two daughters, and his attempt to use his older daughter's claim that other family members were sexually abusing his younger daughter to assist in his release on

4

parole, see Am. Compl. at 22, it is inconceivable that Mr. Kailey's interest is parallel with that of his daughter.

Finally, when a plaintiff seeks to vindicate the rights of a third party, the plaintiff must suffer an actual injury that "affect[s] the plaintiff in a personal and individual way." See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 n. 1 (1992). Mr. Kailey has not suffered an actual injury in a personal and individual way. See Weakes v. FBI-MPD Safe Streets Task Force, 2006 WL 212141, at *2 (D.D.C. Jan. 27, 2006) (father was denied standing to sue state actors for the alleged use of excessive force against his son on the ground that the alleged injuries did not impact the father in a personal and individual way).

Mr. Kailey's Complaint is no more than a narrative of his attempts to present the sexual abuse claims to different state agencies for investigation. Although he includes a claim of denial of access to the courts or to the DOC grievance procedure, these claims lack merit. Mr. Kailey appears to have filed grievances because he was foreclosed by the DOC staff from contacting different state agencies to report the alleged sexual abuse of his daughter. At some point due to the volume of grievances and the subject matter, he was restricted to the number of grievances that he was allowed to file. Although Mr. Kailey asserts that he was restricted to filing only one grievance per month, he does not assert what issues he attempted to grieve but was restricted from doing so, including if he was denied the ability to grieve the issue in question in this case. Furthermore, Mr. Kailey is not claiming a denial of access to the courts based on his inability to exhaust his administrative remedies; he is claiming a denial of access to the courts because the DOC would not allow him to contact different state agencies via

5

the telephone or written correspondence to report the alleged sexual abuse.

Even if Mr. Kailey is claiming denial of access to the courts based on his inability to exhaust his claim, the claim lacks merit. As set forth above, Mr. Kailey lacks standing to present the sexual abuse claim. Furthermore, Mr. Kailey concedes in his Complaint that the failure to report alleged sexual abuse is not a Fourteenth Amendment violation but a state law violation. Am. Compl. (Doc. No. 12) at 25. DOC staff's refusal to report the alleged abuse or to allow Mr. Kailey to contact various state agencies to do so is not a violation of Mr. Kailey's constitutional rights.

To show that his constitutional right to access the courts was violated Mr. Kailey must demonstrate an actual injury by showing that he was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement. *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996)). Based on the above findings, Mr. Kailey fails to assert that he has been denied the ability to raise a nonfrivolous claim legal claim regarding the conditions of his confinement.

Even if any of the correspondence that Mr. Kailey attempted to send to state agencies is protected under the constitution, Mr. Kailey's claim would be barred by the statute of limitations.

The Court, therefore, finds that Mr. Kailey's claims are subject to dismissal because he fails to state a nonfrivolous claim. Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 23rd day of June, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00144-BNB

Randy Kailey
Prisoner No. 50247
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on June 23, 2011.

                                             GREGORY C. LANGHAM, CLERK

                                  By: _____
                                                  Deputy Clerk