F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 9 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00144-LTB

RANDY KAILEY,

    Plaintiff,

v.

BILL OWENS, et al.,

    Defendants.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

At issue is Plaintiff's Motion for Reconsideration, Doc. No. 16. The Court must construe the Motion liberally because Mr. Kailey is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion for Reconsideration.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion for reconsideration filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth

under Rule 59(e)). Mr. Kailey's Motion for Reconsideration was filed within twenty-eight days after the Court's Order of Dismissal was entered on June 23, 2011. Therefore, the Motion is construed as filed pursuant to Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate where a court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Mr. Kailey does not argue an intervening change in controlling law or the availability of new evidence and he fails to demonstrate the need to correct clear error or prevent manifest injustice. As the Court found in the Order of Dismissal, Mr. Kailey lacks standing to raise the rights of his daughter or granddaughter and does not state a Fourteenth Amendment claim based on the prison staff's refusal to report the alleged sexual abuse of his daughter and granddaughter to a state agency. Furthermore, Mr. Kailey fails to show that his inability to contact the proper state agency regarding the sexual abuse states a denial of access to the courts claim.

Therefore, upon consideration of the Motion for Reconsideration and the entire file, the Court concludes that Mr. Kailey fails to demonstrate some reason why the Court should alter or amend the June 23 Order of Dismissal in this action. Accordingly, it is

ORDERED that the Motion for Reconsideration, Doc. No. 16, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this __29th__ day of ____July____, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00144-BNB

Randy Kailey
Prisoner No. 50247
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 29, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk